IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES SEXTON,                                               OPINION AND ORDER

          Petitioner,                                     21-cv-276-bbc

v.

UNITED STATES OF AMERICA,

          Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se petitioner James Sexton has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is currently serving a federal sentence imposed in 2015, after he pleaded guilty to armed robbery and brandishing a firearm in violation of 18 U.S.C. § 1951 and § 924(c). United States v. Sexton, No. 14-cr-86-bbc (W.D. Wis.). Although his petition is largely incoherent, I understand petitioner to be arguing that his trial counsel was ineffective for providing him a proper explanation of the applicable maximum sentence before he pleaded guilty.

The petition is before the court for preliminary review, under Rule 4 of the Rules Governing Section 2254 Cases. (This rule also may be applied to habeas petitions brought under § 2241. Rule 1(b), Rules Governing § 2254 Cases). Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. See also 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless the application makes it clear that petitioner is not entitled to relief). After reviewing

1

petitioner's submissions, I find it clear that petitioner is not entitled to relief, so I am denying his petition.

OPINION

To collaterally attack a sentence, a federal prisoner must ordinarily file a petition under § 2255. Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013). If the prisoner has already filed a § 2255 petition, he or she must obtain certification from the appropriate court of appeals before filing a second or successive petition under § 2255. 28 U.S.C. § 2255(h). See also § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."). In this case, petitioner would not be able to file a § 2255 petition in this court because he unsuccessfully raised the same ineffective assistance of counsel claim in a § 2255 petition filed on November 17, 2016 in case no. 16-cv-762-bbc, and has not obtained authorization to file a successive petition.

Petitioner styles his petition as one under § 2241, but, as a general rule, such a petition cannot invalidate a sentence, because § 2241 generally pertains to the execution of a sentence, such as parole administration, good-time credits and prison transfers. See Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998). In rare cases, a prisoner can challenge his sentence with a § 2241 petition instead of a § 2255 petition through the so-called

"savings clause" contained in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255(e). In re Davenport, 147 F.3d 605, 608-12 (7th Cir. 1998) (discussing the savings clause's purpose and development of case law).

To proceed under § 2241 by invoking the savings clause, a federal prisoner must demonstrate that "his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). To show that his § 2255 remedy is "inadequate or ineffective," a federal prisoner must satisfy three conditions: (1) the prisoner must rely on a statutory-interpretation case rather than on a constitutional case because § 2255 offers relief to prisoners who rely on constitutional cases; (2) the prisoner must rely on a retroactive decision that he could not have invoked in his first § 2255 motion; and (3) the sentence enhancement must have been a grave enough error to be deemed a miscarriage of justice. Light v. Caraway, 761 F.3d 809, 812 (7th Cir. 2014); In re Davenport, 147 F.3d at 611-12. Petitioner cannot meet any of these requirements. His claim that his trial counsel was ineffective for failing to properly advise him before he entered his guilty plea concerns a matter of constitutional law and does not rely on a retroactive decision that he could not have invoked in his first § 2255 motion.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement

to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because no reasonable jurists could debate that petitioner is entitled to habeas relief under § 2241, no certificate will issue.

ORDER

IT IS ORDERED that petitioner James Sexton's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED. No certificate of appealability will issue. The clerk of court is directed to enter judgment against petitioner and close this case.

Entered this 27th day of May, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge